UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| WAYNE R. BECKER, )<br>      Plaintiff, )<br>)<br>  v. )<br>)<br>PORTER COUNTY SHERIFF'S DEPT., )<br>OFFICER AARON RHAME, and CORPORAL )<br>DOUGLAS CRANDALL, )<br>      Defendants. ) | CAUSE NO.: 2:06-CV-350-JVB |

**OPINION AND ORDER**

This matter is before the Court on a Defendants' Motion to Compel Kimberly Becker to Answer Deposition Questions [DE 41], filed on May 5, 2008. Also on May 5, 2008, Defendants filed a Local Rule 37.1(c) Certification. Plaintiff Wayne Becker failed to file a response and the time to do so has passed.

**PROCEDURAL BACKGROUND**

Plaintiff filed his Complaint in this matter on October 23, 2006, alleging that Defendants violated his rights, as guaranteed by 42 U.S.C. § 1983, by using excessive force to arrest him. Plaintiff contends that Defendants' actions caused him extreme pain, humiliation, and severe emotional distress. Plaintiff's allegations are based on the events of February 2, 2005, during which the individual Defendants arrested Plaintiff at his home. Plaintiff's wife, Kimberly Becker, was present during the arrest.

During his deposition, held on March 5, 2008, Plaintiff testified that the alleged events of February 2, 2005, began the end of his marriage. Pursuant to subpoena, Kimberly Becker, who is not a party to this litigation, appeared for a deposition in this matter on March 5, 2008. Ms. Becker testified that stress from the February 2, 2005 incident caused her divorce. During her deposition,

Ms. Becker refused to answer questions about events involving her and her husband that occurred in 2007. In the Motion, Defendants request that the Court issue an order compelling Ms. Becker to answer certain questions posed during her deposition.

## ANALYSIS

Rule 37 of the Federal Rules of Civil Procedure provides, "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if . . . a deponent fails to answer a question asked under Rule 30 or 31." Fed. R. Civ. P. 37(a)(3). Rule 30(a)(1) provides that "[a] party may, by oral questions, depose any person, including a party, without leave of court except as provided by Rule 30(a)(2)." Fed. R. Civ. P. 30(a)(2). Rule 30(a)(2) does not apply to this situation. Rule 26 addresses the scope of discoverable information and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . ." Fed. R. Civ. P. 26(b)(1).[1]

Here, Defendants request that the Court issue an order compelling nonparty Kimberly Becker to appear at a set time and place and answer the questions that she refused to answer during her March 5, 2008 deposition. Defendants request that the Court order Ms. Becker to answer the following questions posed by defense counsel:

1.  What happened on July 25, 2007 that caused [Plaintiff] to move?

2.  Have you told me all the reasons why you're getting a divorce?

---

[1] Defendants rely on Rules 26 and 37 of the Federal Rules of Civil Procedure as the bases for their Motion to Compel. On December 1, 2007, an amended version of the Federal Rules of Civil Procedure took effect. Defendants, in their Motion, rely on and cite to a previous version of the Rules. Because the 2007 amendments were stylistic, not substantive, in nature, the changes do not affect Defendants' request and the Court will analyze the Motion pursuant to the correct subsections of the relevant Rules, as most recently amended.

3. Did your husband batter you on July of 2007?

4. Are there domestic battery charges pending at this moment against your husband?

5. Did you kick [Plaintiff] out? I don't mean physically, did you tell him to get out?

6. Were the police called to your home in July of '07 for any reason?

7. Do you currently have a restraining order against your husband? To which Ms Becker answered "yes" and that she obtained the order in "October 2007." Ms. Becker refused to answer the following related question: Has he since violated that order?

8. Did [Plaintiff] batter you in October 2007?

9. How many times has your husband battered you since July of '07?

10. Was [September 2003] the last time that [Plaintiff] battered you?

11. What has your marital relationship been like since July of '07 since [Plaintiff] left the house?

12. Did you call the Porter County Sheriff again in 2007?

13. Were you satisfied with the response of the officers in 2007?

14. Did you file any complaint with the sheriff's department out of the – arising out of the 2007 incident?

15. Is it your testimony that his subsequent batteries of you after February 2005 have nothing to do with your divorce?

*See* Kimberly Becker Dep.; 11, 14-17, 24, 61, 73-74; Mar. 5, 2008.

In their Motion, Defendants represent that Ms. Becker appeared for her deposition pursuant to a subpoena. A nonparty is "properly compelled by way of a subpoena." *Central States, Southeast & Southwest Areas Pension Fund v. J.W. Cartage Co.*, No. 92 C 1695, 1994 WL 416978, at *2 (N.D. Ill. Aug. 8, 1994) (citing *El Salto, S.A. v. PSG Co.*, 444 F.2d 477, 484 (9th Cir. 1971)); *see also Bueker v. Atchison, Topeka Santa Fe Ry. Co.*, 175 F.R.D. 291, 292 (N.D. Ill. 1997) (federal

district court held that it did not have jurisdiction to compel a nonparty to complete an interrupted deposition because the moving party had not originally scheduled the deposition pursuant to subpoena and in accordance with Rule 45 of the Federal Rules of Civil Procedure). While Defendants do not mention the subpoena power granted by Rule 45 of the Federal Rules of Civil Procedure, they do represent that Ms. Becker appeared for her deposition pursuant to a subpoena. Neither Ms. Becker, who was notified of this Motion by counsel for Defendants by a May 1, 2008 voicemail and a letter sent via U.S. Mail, nor Plaintiff challenged the power of Defendants to compel Ms. Becker's testimony. Thus, the Court finds that it is within its jurisdiction to decide this discovery issue involving a nonparty deponent.

Ms. Becker refused to answer a number of questions during her deposition. The Court finds that those questions are relevant to this matter because they concern Plaintiff's contention that Defendants' actions affected his marriage. The information provided in response to those questions may affect any potential award of damages. Further, Ms. Becker did not assert any privilege, as contemplated by Rule 26, that would protect against disclosure of the information sought by the questions. Thus, pursuant to Rule 37, the Court now orders Ms. Becker to answer the questions listed above that she refused to answer on March 5, 2008.

## CONCLUSION

Based on the foregoing, and noting that neither Ms. Becker nor Plaintiff filed a response, the Court **GRANTS** the Defendants' Motion to Compel Kimberly Becker to Answer Deposition Questions [DE 41]. The Court **ORDERS** Kimberly Becker to answer the questions that she refused to answer during the March 5, 2008 deposition, which are listed above, and any substantially similar

questions.  Further, the Court **ORDERS** that within the next **thirty days** Ms. Becker and the parties collaborate to schedule a follow-up deposition.

      SO ORDERED this 3rd day of June, 2008.

                                          s/ Paul R. Cherry
                                          MAGISTRATE JUDGE PAUL R. CHERRY
                                          UNITED STATES DISTRICT COURT

cc:     All counsel of record