UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| WAYNE R. BECKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO.: 2:06-CV-350 JVB |
| | ) |
| PORTER COUNTY SHERIFF'S DEPARTMENT, | ) |
| OFFICER AARON RHAME, AND CORPORAL | ) |
| DOUGLAS CRANDALL | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

On February 2, 2005, Defendant Officers Crandall and Rhame served a bench warrant upon Wayne Becker, the Plaintiff and Counter-Defendant. While issuing the warrant, a fight ensued, during which Officer Rhame used a taser against the Plaintiff. The Plaintiff in his Complaint contends that Officers Crandall and Rhame used unreasonable force in arresting him, in violation of his Fourth and Eighth Amendment rights. Additionally, the Plaintiff seeks damages for battery. Officer Crandall filed a counterclaim for battery to recover for the injuries he sustained during the fight. The Defendants filed a motion for partial summary judgment on the Eighth Amendment claims, the Fourth Amendment claims against the Sheriff's Department, and the battery claims. Furthermore, Officer Crandall seeks to have the Plaintiff collaterally estopped from denying he battered Officer Crandall. For the reasons set forth below, the Defendants' motion for partial summary judgment is granted in part and denied in part.

**A. Summary Judgment Standard**

1

A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party supports its motion for summary judgment with affidavits or other materials, it thereby shifts to the non-moving party the burden of showing that an issue of material fact exists. *Kaszuk v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 791 F.2d 548, 558 (7th Cir. 1986).

Rule 56(e) specifies that once a properly supported motion for summary judgment is made, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts to establish that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of

2

witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson v. Liberty Lobby, 477 U.S. 242, 249–50* (1986).

**B. Factual and Procedural Background**

For purposes of ruling on the Defendants' motion for summary judgment, the Court construes the material facts as follows: Defendants Aaron Rhame and Douglas Crandall are officers of Defendant Porter County Sheriff's Department. On February 2, 2005, Officers Rhame and Crandall went to the Plaintiff's house to serve a bench warrant for the Plaintiff's arrest.

The bench warrant arose from an incident that occurred on September 30, 2003, where the Plaintiff was arrested and charged with domestic battery. On October 1, 2003, the Plaintiff pled guilty to the domestic battery charge in Porter County Superior Court. The Plaintiff was sentenced to probation, 180 hours of community service, and ordered to attend classes through the SAVE program. On December 31, 2004, the Plaintiff fulfilled the requirements of his sentence for the domestic battery charge. However, on February 2, 2005, the bench warrant that led to the current action was erroneously issued for failure to comply with the court's sentence.

Before serving the bench warrant upon the Plaintiff, Officers Crandall and Rhame confirmed that the warrant was still active. Officers Crandall and Rhame arrived at the Plaintiff's residence and informed the Plaintiff they had a noncompliance warrant for a domestic battery conviction. The officers refused to show the Plaintiff a copy of the warrant despite his request.

The Plaintiff informed Officers Crandall and Rhame that the situation was resolved and that he had paperwork to prove it. The Plaintiff went into his house to retrieve the paperwork and the officers followed without permission. At this point the Officers' story differs from the Plaintiff.

3

Plaintiff alleges that he turned around from retrieving the documents and was immediately struck in the face by Officer Crandall causing his face to hit the wall. Officers Rhame and Crandall proceeded to tackle the Plaintiff. Officer Rhame then used his taser against the Plaintiff eight times. Officer Rhame tased the Plaintiff's scrotum, left thigh, stomach, chest, back, and ankle.

However, the Officers contend that when they entered the Plaintiff's home they told him to come towards them. Instead the Plaintiff ran into the kitchen and the officers chased him and wrestled him into a corner. The Plaintiff was fighting with the officers, so Officer Rhame used his taser on the Plaintiff's left thigh for two to three seconds. The Plaintiff fell to the ground continuing to fight with the officers. The Plaintiff kicked Officer Rhame's taser from his hand. Officer Rhame then retrieved his taser and holstered it. The officers wrestled with the Plaintiff until they got him into a chair and placed him in custody.

Following the fight, the Plaintiff was taken to the hospital by ambulance. The Plaintiff went directly to jail from the hospital. Officer Rhame charged the Plaintiff with Battery to a Law Enforcement Officer Resulting in Bodily Injury to the Officer and Resisting Law Enforcement.

The Porter County Sheriff's Office requires officers to complete a certified training course in taser use. Both officers completed the training course and were certified to use tasers. The Porter County Sheriff's Office also had a Standard Operating Procedure that governed the amount of force officers could use when effectuating an arrest.

On January 3, 2005, the Plaintiff was found to be in compliance with his probation from the domestic battery claim. A bench trial was held on January 5, 2006, for the Plaintiff's criminal charges of Battery to a Law Enforcement Officer Resulting in Bodily Injury to the Officer and

4

Resisting Law Enforcement. The Plaintiff was found guilty on both counts.

The Plaintiff filed a Complaint on October 23, 2006. The Plaintiff alleges causes of action under the Fourth Amendment, Eighth Amendment, and state battery law for the injuries he allegedly sustained during the service of the bench warrant on February 2, 2005. On November 16, 2006, the Defendants filed an answer with affirmative defenses. The Defendants amended their answer on February 28, 2007. Officer Crandall added a counterclaim against the Plaintiff for battery arising from the service of the arrest warrant. On August 4, 2008, the Defendants filed a motion for partial summary judgment on the Fourth Amendment claims against the Sheriff's Department, Eighth Amendment claims, battery claims, and Officer Crandall's battery claim against the Plaintiff.

**C. Discussion**

In their motion for summary judgment, the Defendants argue that municipalities are not liable for the unauthorized acts of their employees, so the Fourth Amendment claims against the Sheriff's Department should be dismissed. The Defendant next asserts that the Eighth Amendment is not applicable to situations involving force used during an arrest. Finally, the Defendants contend that the Plaintiff's battery claims should be dismissed because the Plaintiff did not comply with the Indiana Tort Claims Act ("ITCA"). Officer Crandall also requests that the court collaterally estop the Plaintiff from denying that he battered Officer Crandall. Each of these arguments will be addressed in turn.

**(1)** *Municipal Immunity*

The Plaintiff seeks to enforce his Fourth Amendment claims against Officers Crandall and Rhame in their individual and official capacity and against the Porter County Sheriff's

Department under 42 U.S.C. §1983.[1] However, a municipality is not liable for the actions of its employees on the basis of a respondeat superior theory. *Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007). A municipality can only be liable under § 1983 if the municipality itself, through a policy or custom, deprives someone of their constitutional rights. *Monell v. Dept. of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 694 (1978). Such liability can be demonstrated in one of three ways: "(1) through an express policy that, when enforced causes a constitutional deprivation; (2) through a widespread practice that although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) through an allegation that the constitutional injury was caused by a person with final policy-making authority." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005).

The Plaintiff asserts that a genuine issue of material facts exists as to whether a policy or widespread custom of the Sheriff's Department led to the alleged constitutional violations. The Plaintiff supports his argument with two theories. First, he argues that there is a widespread practice of police misconduct since there were numerous complaints regarding misconduct filed with the Sheriff's Department. Second, the Plaintiff asserts that the Sheriff's Department had a custom or policy of failing to train its officers since Officers Crandall and Rhame did not use reasonable force.

---

[1] Naming Officers Crandall and Rhame in their official capacity is just another way of saying that the lawsuit is against Porter County Sheriff's Department. Thus, the purported claims against the officers in their official capacity will be treated the same as the claims against the municipality.

(a) *Pattern of Misconduct*

The Plaintiff argues that the Sheriff's Department has a widespread pattern of misconduct, and an ineffective policy for disciplining officers. In support of his argument, the Plaintiff points to three incidents Officer Crandall was involved in throughout his twenty-five year career with the Sheriff's Department. First, in 2006, a complaint was filed against Officer Crandall for being disrespectful during an accident. The evidence suggests that Officer Crandall was not disciplined. Second, Officer Crandall was a defendant in a lawsuit for using a chemical weapon to evict a man from an attic when issuing a warrant. Finally, Officer Crandall was denied a promotion to sergeant.

However, these incidents do not suggest that a policy or custom to use excessive force during arrests existed within the department. First, "citations to . . . complaints that fail to result in disciplinary recommendations, without more is meaningless" because "complaints against officers can be baseless." *Waslewski v.Kato*, Case No. 92 C 6940, 1993 WL 8761, *4 (N.D. Ill. Jan. 14, 1993). Second, "reference to past court cases against police officers for misconduct is too general to be of evidentiary worth in establishing a specific pattern of conduct required to support a section 1983 claim." *Id*. Finally, the record does not indicate that police misconduct was involved in the Sheriff's Department's decision not to promote Officer Crandall.

Viewed together, these incidents are insufficient to withstand summary judgment. To withstand summary judgment, the Plaintiff must demonstrate that "the practice was so pervasive that acquiescence on the part of the policymakers was apparent and amounted to a policy decision." *Phelan v. Cook County*, 463 F.3d 779, 790 (7th Cir. 2006). "Both in the 'widespread practice' implicit policy cases and in the cases attacking gaps in express policies, what is needed

is evidence that there is a true municipal policy at issue, not a random event." *Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005).

Evidence of three incidents over a twenty-five year period is insufficient to indicate that a pervasive problem existed which policy makers should have been aware of. *See Phelan v. Cook County*, 463 F.3d 779, 790 (7th Cir. 2006); *Estate of Moreland v. Dieter*, 395 F.3d 747, 760 (7th Cir. 2005) (finding that three incidents of improper use of pepper spray were insufficient to find a widespread practice); *Palmer v. Marion County*, 327 F.3d 588, 595 (7th Cir. 2003) (finding that evidence of two incidents were insufficient to establish a policy). Furthermore, the three incidents are random and unrelated. One event involved rude statements made during a call to an accident, one involved force used during the issuance of a warrant, and the other concerned the Sheriff Department's motive for not promoting Officer Crandall. Thus, the Plaintiff has failed to connect these events to his arrest so as to establish that a policy existed within the Sheriff's Department, and summary judgment must be granted in favor the Defendants.

*(b) Failure to train*

The Plaintiff next asserts that the municipality can be liable for the actions of its officers on a failure to train theory. Specifically, the Plaintiff argues that the officers were not trained in the assessment of when to use a taser. To succeed on a failure to train theory, the Plaintiff must establish that "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need*." City of Canton v. Harris*, 489 U.S. 378, 390 (1989). The failure to train must reflect a deliberate or conscious choice by the municipality.

8

*Id*. at 389.

In support of his argument, the Plaintiff states that Officers Crandall and Rhame clearly did not know when and how much force to administer when using a taser. However, one incident involving the improper administration of a taser is insufficient to establish that the need for training was so obvious that the municipality effectively exercised a deliberate indifference toward the need for training. Furthermore, in determining the adequacy of a training program, the focus must be on the program. *Id.* "That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program." *Id*. at 390–91. The Plaintiff has provided no evidence of deficiencies with the training program. Thus, summary judgement must be granted on this issue.

(c) *Plaintiff's Reasonableness Argument*

The Plaintiff ignores *Calhoun* and *City of Canton* and argues that the Sheriff's Department can be held liable if the officer's behavior was unreasonable. Since this argument overlooks the principle that a municipality cannot be held liable for the actions of its employees under a theory of respondeat superior, this argument is meritless. *See Calhoun*, 408 F.3d at 379.

**(2)** *Eighth Amendment*

The Plaintiff alleges that the officers used excessive force during his arrest, in violation of his Eighth Amendment rights. However, the Eighth Amendment does not apply to force used during an arrest. *Ingraham v. Wright*, 430 U.S. 651, 671 n. 40 (1977) (holding that the Eighth

9

Amendment applies only after the state has complied with due process and secured an adjudication of guilt); *Pettiford v. City of Chi.*, Case No. 02 C 1369, 2003 WL 2169614, *7 (N.D. Ill. July 18, 2003) (finding that the Eighth Amendment does not apply to an arrestee). Furthermore, the Plaintiff failed to address his Eighth Amendment claim in his reply, and has thereby abandoned this claim. *See*, *Palmer v. Marion County*, 327 F.3d 588 (7th Cir. 2003). Therefore, the Plaintiff's Eighth Amendment claim must be dismissed.

**(3)** *State Law Claims*

The Plaintiff also raised state law battery claims against the Defendants. These claims are governed by the Indiana Tort Claim Act ("ITCA").

(a) *Battery Claim Against the Porter County Sheriff's Department*

The ITCA provides that a tort claim against a political subdivision and its employees acting within the scope of their employment is barred unless notice is filed with a governing body of that political subdivision within 180 days after the loss occurs. Ind. Code § 34-13-3-8. The Defendants allege that the Plaintiff failed to provide them with the requisite torts claim notice. "Compliance with the notice provisions of the ITCA is a procedural precedent which the plaintiff must prove and which the trial court must determine before trial." *Brown v. Alexander*, 876 N.E.2d 376, 383 (Ind. Ct. App. 2007). Since the Plaintiff did not addressed this issue in his response, he has failed to meet his burden of establishing that he provided the requisite torts claim notice. Furthermore, the Plaintiff's failure to respond constitutes a waiver of his claim. *Palmer v. Marion County*, 327 F.3d 588, 597-98 (7th Cir. 2003). Thus, summary judgment is appropriate on this issue.

(b) *Battery Claims Against Officers Crandall and Rhame*

Officers Rhame and Crandall are also entitled to summary judgment on the Plaintiff's supplemental battery claim. When acting within the scope of employment, government employees are immune from tort liability if the loss results from "[t]he adoption and enforcement of or failure to enforce a law." Ind. Code § 34-13-3-3(8). Thus, police officers are entitled to immunity from state tort claims if they are engaged in the enforcement of a law and acting within the scope of their employment. *Kocon v. Lake County Sheriff's Dep't*, 2007 WL 1959239, *11 (N.D. Ind. 2007). This immunity applies even if the officer's conduct is egregious and contrary to law. *City of Anderson v. Davis*, 743 N.E.2d 359, 365 (Ind. App. 2001).

Here, the officers were following an order to execute a bench warrant. Although the warrant should not have been issued, it was facially valid. Executing a facially valid warrant is within the scope of an officer's employment. *See Long v. Barrett*, 818 N.E.2d 18, 24 (Ind. App. 2004). Since the officers were acting within the scope of their employment and were engaged in enforcing the law, the officers are entitled to immunity and summary judgment must be granted on this claim.

**(4)** *Counterclaim*

Officer Crandall filed a counterclaim against the Plaintiff for battery. Officer Crandall asserts that the Plaintiff should be collaterally estopped from denying that he battered Officer Crandall since the Plaintiff was previously convicted of battery arising from this incident. Granting issue preclusion on this matter would only confuse and complicate a trial since the Plaintiff could still dispute damages and liability by means of raising comparative fault.

Therefore, issue preclusion is denied.

CONCLUSION

Based on the foregoing, the Defendants' motion for partial summary judgment is granted on the Eighth Amendment, Fourth Amendment, and state battery claims and denied on the matter of issue preclusion [DE 46]. The issue remains whether Officers Crandall and Rhame are liable under the Fourth Amendment.

SO ORDERED on February 27, 2009.

  s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE